

**RECEIVED**

FEB 1 5 2019

TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY_____

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

5:19-cv-0202

CLINTON STRANGE,

Plaintiff

v.

AGENTRA, LLC,

a Texas Limited Liability Company

Defendant

CIVIL ACTION:

COMPLAINT FOR WILLFUL AND KNOWING VIOLATIONS OF

THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

1

**Jury Trial Demand**

### PRELIMINARY STATEMENT:

This is an action brought in good faith by an adult individual against Defendant AGENTRA, LLC, a Texas Limited Liability Company, for willful and knowing violations of parts of the Telephone Consumer Protection Act of 1991:

47 U.S. Code § 227(b)(1)(A)(iii)

&

47 U.S. Code § 227(c)(5)

The Plaintiff brings this private civil action to enforce the provisions of these laws in his own response, as a responsible citizen of both the State of Louisiana and the United States of America, to the overwhelming wide-spread public outrage about the proliferation of intrusive, disturbing, and absolutely annoying, nuisance telemarketing practices. See *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012). The Plaintiff is seeking a maximum award for damages, and an enjoinder from further violations of the parts herein.

### JURISDICTION AND VENUE:

**Jurisdiction** lies properly in this court because the action involves a Federal Question pursuant to:

47 U.S. Code § 227(g)(2)

&

28 U.S. Code § 1331

**Venue** lies proper in this U.S. District Court pursuant to:

47 U.S. Code § 227(g)(4)

&

28 U.S. Code § 1391

2

**PARTIES:**

**Plaintiff**, CLINTON STRANGE, is an adult individual residing at the address of:

CLINTON STRANGE

7021 WINBURN DRIVE

GREENWOOD, LA 71033

**Defendant** AGENTRA, LLC is a Texas Limited Liability Company principally domiciled in Dallas, Texas and whose registered agent is listed as:

CAPITOL CORPORATE SERVICES, INC.

206 EAST 9TH STREET

SUITE 1300

AUSTIN, TX 78701

**Factual Allegations:**

1. The Telephone Consumer Protection Act of 1991 "TCPA" states in part under subsection b:

    (b) Restrictions on use of automated telephone equipment(1) Prohibitions: It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice-

    (i) to any emergency telephone line (including any "911" line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency);

(ii) to the telephone line of any guest room or patient room of a hospital, health care facility, elderly home, or similar establishment; or

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States;

2. The Telephone Consumer Protection Act of 1991 states in part under subsection c:

   (5) Private right of action: A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State.

3. The Plaintiff annoyed and aggravated by unwanted robocalls registered his cellular telephone number on the United States Federal Trade Commission's Do-Not-Call Registry on January 3,2018, and later Registered his cellular telephone number on the State of Louisiana Public Service Commission's Do-Not-Call Registry on August 2,2018 [See Exhibit A].

4. All the phone numbers that the Defendant's agency employed in their campaign of illegal robocalls to the Plaintiff's cellular telephone used a "spoofing" tool and /or other technologically deceptive means to conceal the true geographical location from which the calls were really originating. The phone calls were on some occasions "spoofed" to appear as though they were local (neighbor spoofed).

5. The Plaintiff knows that the illegal robocalls calls made to the Plaintiff's cellular telephone was "transmitted" using technology capable of generating thousands of similar calls per day. The calls were generated from what is called an Automatic Telephone Dialing System, or "ATDS".

6. The calls that Plaintiff answered were also made or initiated using a technology known as "predictive dialers". The Plaintiff knows this because on many occasions of the robocalls he received from the Defendant's agents there would be a momentary pause lasting 3 or more seconds before the technology connected the Plaintiff with an agent of the Defendant.

7. Some U.S. District Courts outside of the Fifth U.S. Circuit order that damages be awarded for TCPA violations to be both stacked and trebled particularly when the conduct is egregious as in this instant case before this U.S. District Court as for example, in *Charvat v. NMP, LLC.*, No. 10-3390 (6th Cir. 2011).

8. On February 11, 2019 at 3:26pm CST the Plaintiff answered a call placed by the Defendant's Lead Services Generations Company that "played" a prerecorded interactive message indicating that the call pertained to Plaintiff's Healthcare Insurance. The automated technology offered the Plaintiff an option to "be connected to an agent", or "be placed on the do-not-call list". Since requesting to be placed on the do-not-call list did not work the last 30 times the Plaintiff pressed the key to be "connected with an agent". The "ATDS Technology rang" and after about 3 rings [it] connected the Plaintiff to an agent of the Defendant. The call lasted 15 minutes and 30 seconds, and all but the first 15 seconds or so were recorded, and later transcribed by the Plaintiff [See Exhibit B].

9. The agent that the Plaintiff was connected to by Defendant's Lead Generations company was named Shana Davis. Shana Davis had Plaintiff's phone number provided to her either via the Lead Generations Company that connected Plaintiff to her, or by stored information contained in

Defendant's internal records (pulled up by Shana Davis by entering in Plaintiff's name and Address in her computer).

10. While Plaintiff was on the phone with Shana Davis, she emailed the Plaintiff on February 11, 2018 at 3:338pm CST an outline of the proposed plan which does NOT meet the minimum requirements to be considered major medical or comprehensive medical coverage [See Exhibit C].

11. Defendant's agent Shana Davis seemed to be oblivious to the fact that it was NOT the Plaintiff who initiated the call, but an ATDS robocall technology utilized by the Defendant's Lead Generations Company.

12. Defendant is Licensed to "produce" insurance policies in the State of Louisiana. Defendant does produce and write insurance policies in the State of Louisiana [ See Exhibit D].

13. The Defendant employs at least 3 persons from the Shreveport, LA area according to the Defendant's LinkedIn profile [See Exhibit E].

14. The call that the Plaintiff answered as referenced in paragraph 8 that was placed to his cellular telephone was "spoofed' to look local, and when Plaintiff attempted to "call-back" less than 2 hours later he discovered that the number was "disconnected or no longer in service" [See Exhibit F].

15. Plaintiff has received LOTS of robocalls from the Defendant's Lead Generations Company agency on the Defendant's behalf and at the direction and or command of the Defendant. He does not know exactly how many, but the Defendant can contact their Lead Generations Company to determine the exact number, or alternatively the Lead Services Generation Company can be named as a Defendant in an Amended Complaint and be subpoenaed for the records.

16. Though Plaintiff cannot at this time be certain how many robocalls he received that were placed to his cellular telephone by or on behalf of the Defendant; he can be sure that given the number of Healthcare Insurance Plan Robocalls using the same *modus operendi* as the Defendant or their Lead Generations Company/s all were utilizing an ATDS, and or prerecorded voice, "spoofed" to conceal where the calls originated from and / or appearing at times to appear local, and trying to solicit Health Insurance; that some or all of the others were made by or on behalf of the Defendant herein, and those calls are listed as follows:

    a- April 30,2018 at 9:52am CST from 773-273-6136
    b- April 30,2018 at 1:58pm CST from 773-273-6136
    c- June 11,2018 at 12:24pm CST from 941-840-5230
    d- June 11,2018 at 4:57pm CST from 941-840-5230
    e- June 18,2018 at 1:10pm CST from 318-601-9501
    f- June 19,2018 at 3:23pm CST from 318-601-9501
    g- June 20,2018 at 11:24am CST from 318-601-9501
    h- June 26,2018 at 11:58am CST from 318-974-9105
    i- June 26,2018 at 3:57pm CST from 318-974-9105
    j- July 30,2018 at 2:33pm CST from 318-434-7535
    k- September 5,2018 at 1:03 CST from 318-423-4369

    [See Exhibit G].

17. Plaintiff is the sole user of the cellular telephone number 318-423-5057 and is the only person responsible for paying on the Verizon wireless account. The Plaintiff has personally been paying on the account in his name since about July,2016. The Plaintiff alleges that he incurs charges for calls as that issue has been defined by other U.S. District Courts.

18. Defendant named in this action has never had the Plaintiff's prior express written consent to call the Plaintiff either via Live-Voice calls, or via calls placed via or utilizing an ATDS or pre-recorded voice to solicit Health Care Insurance Plans.

19. The Defendants have no prior Established Business Relationship with the Plaintiff.

20. The calls placed to Plaintiff's cellular telephone were not made for an emergency purpose. They were all made to promote the Defendants' goods and services (Health Insurance Plans), and constituted telemarketing.

21. Technical and procedural standards specific to automated calls are included in § 227(d) and accompanying regulation 47 C.F.R. § 64.1200(b), which do not provide a private right of action or a statutory-damages provision. They can be however alleged as to the conduct of a Defendant in establishing a pattern of violative behavior worthy of treble damages.

22. Recovery of damages for the two separate provisions does not upset Congress's balance in setting damages "'fair to both the consumer and the telemarketer.'" See *GVN Mich.*, 561 F.3d at 632 n.8 (quoting 137 Cong. Rec. S16,204, S16,205 (daily ed. Nov. 7, 1991) (statement of Sen. Hollings)).

23. The U.S. District Court for The Western District of Louisiana is under the Fifth U.S. Circuit Court of Appeals. The Fifth Circuit and the Sixth Circuit are "sister circuits". In certain cases, the Courts in one District Court will look to other court rulings in how best to rule on a matter. Such cases come up from time to time as decisions are reached, and courts will cite which circuit courts are their "sister courts". In one case for example the court ruled as thus…"Our sister circuits have differed on this issue. While some have said that the burden of proving withdrawal always rests on the defendant,[citing the Second, Fifth, Sixth, Tenth and Eleventh Circuits],others have held that, once the defendant meets his burden of production that he has

withdrawn prior to the relevant limitations period, the burden of persuasion shifts to the government [citing The First,Third,Fourth,Seventh and Ninth Circuits]… Quoting from *United States v. Moore*, 651 F.3d 30,90 (D.C. Cir. 2011)(per curiam)(holding "that the defendant bore the burden of persuasion to show that he withdrew from the conspiracy outside of the statute of limitations period"),aff'd,133 S.Ct. 714 (2013).

24. The calls made to Plaintiff's cellular telephone mostly or always concealed the geographic location from which the calls originated violated disparate parts of the Truth In Caller ID Act as amended to the Telephone Consumer Protection Act.

25. The Plaintiff was the "called party" in the targeted campaign of illegal robocalls placed to Plaintiff's cellular telephone number by the Defendant's agent.

26. Plaintiff does not like to receive unwanted commercially solicitous phone calls on his cellphone because they "intrude on his seclusion and violate his rights to privacy guaranteed under the U.S. Constitution", and further deplete plaintiff's memory storage capacity, deplete Plaintiff's battery level on his cellphone (amounting to a conversion Tort under Louisiana State Laws), and require him to use a measurable amount of both mental and physical energy to walk to his phone and answer the calls. Plaintiff alleges that he has Article III standing as a result of Defendant's agents alleged conduct.

27. Plaintiff has no need of Defendant's services as he is and has been a Priority Group I registered member in the United States Department of Veterans Affairs Group Health System. He enjoys free medical care, prescription medications at no cost, and is even reimbursed for his travel to and from all his medical appointments [See Exhibit H].

28. Defendant will be able to provide unprivileged email communications with the Lead Generations Company regarding the complaints encountered at various times before during and after the

marketing campaign that proved they knew about the violative activities of the agency that they engaged.

29. Defendant is a Texas Limited Liability Company organized under the Laws of the State of Texas. The documents the Plaintiff was able to obtain from both the Texas Secretary of State, and the Texas Comptroller indicate that the entity was formed on or about July 6,2010, and the Defendant last filed a "change of registered agent" on January 22,2019 [See Exhibit I].

30. Defendant was and has been liable to the Plaintiff for damages under the Telephone Consumer Protection Act. The Court should calculate and appropriately award Plaintiff both pre and post judgement interest on the judgement awarded by the Court from the date that the Court determines the Defendant was first liable to the Plaintiff for damages.

31. At all times pertinent hereto Defendant was acting by and through their agents, servants and / or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

32. At all times pertinent hereto, the conduct of the Defendant, as well as that of their agents, servants and/ or employees was intentional, reckless, and in grossly negligent disregard for Federal Laws and the rights of the Plaintiff herein.

## THE COUNTS:

### COUNT I:

**(Plaintiff v. Defendant)**

**WILLFULL AND KNOWING VIOLATIONS OF THE**

**TELEPHONE CONSUMER PROTECTION ACT OF 1991**

**47 U.S. Code § 227(b)(1)(A)(iii)**

33.. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34. At all times pertinent hereto the Defendant was liable to the Plaintiff for violations of:

The Telephone Consumer Protection Act 47 U.S.C. § 227(b)(1)(a)

Which makes Defendant liable to Plaintiff for at least 1 violation as evidenced in the complaint and Plaintiff seeks between $500 and $1,500 in damages for said violation at the discretion of the court.

**COUNT II:**

**(Plaintiff v. Defendant)**

**WILLFULL AND KNOWING VIOLATIONS OF THE**

**TELEPHONE CONSUMER PROTECTION ACT OF 1991**

**47 U.S. Code § 227(c)(5)**

**35.** Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36. At all times pertinent hereto the Defendant was liable to the Plaintiff for violations of:

Telephone Consumer Protection Act 47 U.S.C. § 227(c)(5)

Which makes Defendant liable to Plaintiff for violations as evidenced in the complaint and Plaintiff seeks between $500 and $1,500 in damages for said violations at the discretion of the court.

**Jury Trial Demand;**

Plaintiff demands trial by jury on all issues so triable.

**Prayer for Relief;**

WHEREFORE, Plaintiff seeks judgement in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

Statutory Damages;
Treble Damages;
Stacked Damages;
Pre and Post Judgement Interest;
Enjoinder from further violations of these parts;
Costs of litigating the action together along with all reasonable attorney's fees (if any) and court costs;
And such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

X _(signed)_                               2-12-2019

Clinton Strange
Pro Se                                     Dated
7021 Winburn Drive
Greenwood, LA 71033
318-423-5057
parsmllc@gmail.com